IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALDEN CHATMAN,

    Petitioner,                  No. 2:10-cv-0988 KJM KJN P

    vs.

JOHN W. HAVILAND,

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

          Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims that his federal constitutional right to due process was violated by a 2009 decision of the Governor of California that reversed a 2008 decision of the California Board of Parole Hearings (hereafter "the Board") granting petitioner a parole date.[1]

          The Due Process Clause of the Fourteenth Amendment prohibits state action that

---

[1] Petitioner also claims, parenthetically, that the Governor's reversal violates the state constitution, state statutes and state decisional law.  (<u>See</u> <u>e.g.</u> Dkt. No. 1 at 12, 17, Dkt. No. 12 at 2.)  These claims are not cognizable herein because federal habeas corpus relief is available under 28 U.S.C. § 2254 only on the basis of an alleged transgression of federal law binding on the state courts.  <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985); <u>Estelle v. Mcguire</u>, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

1

deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  <u>Jago v. Van Curen</u>, 454 U.S. 14, 17-21 (1981); <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."  <u>Greenholtz</u>, 442 U.S. at 12; <u>see</u> also <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause.  <u>Swarthout v. Cooke</u>, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  <u>In re Lawrence</u>, 44 Cal.4th 1181, 1205-06, 1210 (2008); <u>In re Rosenkrantz</u>, 29 Cal.4th 616, 651-53 (2002); <u>see</u> also Cal. Penal Code § 3041(b) (parole release date shall be set unless the Board determines "that consideration of the public safety requires a more lengthy period of incarceration"); Cal. Code Regs. tit. 15, §§ 2281, 2401 (setting forth the factors to be considered by the Board in making the assessment

required by Cal. Penal Code § 3041(b)).  The Board's decision may be affirmed, modified or reversed by the Governor within thirty days, Cal. Penal Code § 3041.2, "on the basis of the same factors which the parole authority is required to consider," set forth in a report "stating the pertinent facts and reasons for the action," Cal. Const. art. V, § 8(b).

In <u>Swarthout</u>, the United States Supreme Court reversed two Ninth Circuit decisions that had each examined the sufficiency of evidence supporting a determination that petitioner continued to pose a threat to public safety; in the first case, the Ninth Circuit had reversed the Board's denial of parole, <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (2010); in the second case, the Ninth Circuit reversed the Governor's reversal of the Board's grant of parole, <u>Clay v. Kane</u>, 384 Fed. Appx. 544, 546 (2010).  The Supreme Court reversed both judgments of the Ninth Circuit, holding that "[n]o opinion of [the Supreme Court's] supports converting California's 'some evidence' rule into a substantive federal requirement."  <u>Swarthout</u>, 2011 WL 197627, at *3.  In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding.  <u>Id</u>. at *3 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court decided the case correctly."). Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of  the "minimal" procedural requirements set forth in <u>Greenholtz</u>, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." <u>Id</u>. at *2-3. Provided these procedural requirements are met, it is of no consequence that the final parole decision is made by the Governor rather than the Parole Board.  <u>Id</u>. at *3; <u>see also</u> <u>Tash v. Curry</u>, 2011 WL 304377 (9th Cir. Feb. 1, 2011) (reversed decision of district court that had granted habeas petition based on finding that Governor's reversal of Board's grant of parole was not

////

////

////

supported by some evidence of future dangerousness, citing Swarthout).[2]

Thus, "the beginning and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for due-process protection." Swarthout at *3. Here, the record reflects that petitioner was present, with counsel, at the October 22, 2008, and December 9, 2008, continued parole hearings, that petitioner was afforded access to his record in advance, that petitioner participated in the hearing, and that, although the Board found petitioner eligible for parole, the Governor, applying the same factors on March 10, 2009, denied parole with a statement of reasons. (Dkt. No. 10-1 at 2-79 (Exh. 1), Dkt. No. 10-2 at 49-56 (Exh. 8), and 58-60 (Exh. 9).) According to the United States Supreme Court, the federal due process clause requires no more. The court finds, therefore, that petitioner's due process challenge is without merit.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

---

[2] The Tash decision is designated "Not for Publication." See Circuit Rules 32.1, Rule 36-3, Rules of the United States Court of Appeals for the Ninth Circuit.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chat0988.Gov.Rev.157